UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CRAIG JOHNSON,

              Plaintiff,

v.

MILLE LACS HEALTH SYSTEMS,
ST. JOSEPH ESSENTIA HOSPITAL,
CROW WING COUNTY SHERIFFS
DEPARTMENT JUDGE MOSS CROW WING
COUNTY,

              Defendants.

Case No. 15-CV-4034 (SRN/LIB)

REPORT &
RECOMMENDATION

---

      This matter comes before the undersigned Untied States Magistrate Judge on Plaintiff Craig Johnson's application seeking leave to proceed *in forma pauperis* ("IFP"). (Docket No. 2). For the reasons discussed below, it is recommended that Johnson's IFP application be denied, and that this action be dismissed.

      After review of the application, the Court concludes that Plaintiff qualifies financially for IFP status. That said, however, an IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

      In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face."

*Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's Complaint in the present case is difficult to comprehend. He alleges that the Crow Wing County Sheriff's Department took him to the emergency room at Essentia St Joseph's after he leapt out of his mother's moving vehicle. (Complaint, Docket No. 1 at 4). He subsequently went to Mille Lacs Health Systems for a diabetic appointment and he "tried to talk to the receptionist she would not respond to [him]." (*Id*.). The Crow Wing County Sheriff's Department Deputy brought him back to Essentia St. Joseph's Emergency Room. (*Id*.). He then states that he "left the Hospital" to go to a civil commitment hearing before Judge Moss. (*Id*.). He also states that the "FBI in Bemidji, MN interviewed me last spring we talked about the civil commitments." (*Id*.).

The innocuous string of events set forth in Plaintiff's Complaint do not provide a plausible basis for a lawsuit as plead. Even with the liberal construction that is required in pro se cases, the Complaint fails to state any cause of action on which relief may be granted. [1]

---

[1] Even if the Court were to assume that Plaintiff is attempting to make a civil rights claim under § 1983, none of the allegations alone or together seem to constitute a violation of his constitutional rights and none of his defendants are proper for such a suit. It is well-settled that judges are completely immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). The Crow Wing County Sheriff's Department is not a suable entity. *De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (2001) (unpublished) (dismissing §1983 claim because both county jail and county sheriff department defendants were not suable entities). Plaintiff also does not indicate how Mille Lacs Health Systems and St. Joseph Essentia Hospital may have been acting under color of state law for purposes of § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Craig Johnson's application for leave to proceed *in forma pauperis* (Docket No. 2) be DENIED.

2. Johnson's Complaint, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

Dated: December 4, 2015              s/Leo I. Brisbois_____
                                     Leo I. Brisbois
                                     United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.